[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 04-12532

————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-60095 CR-KAM

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                versus

CINDI M. SMITH,
DAVID R. HARVEY,
WARREN G. MILLER,

                                        Defendants,

THAER M. AYOUB,

                                        Defendant-Appellant.

————————

Appeals from the United States District Court
for the Southern District of Florida

————————

(December 13, 2005)

Before  DUBINA and KRAVITCH, Circuit Judges, and STROM*, District Judge.

PER CURIAM:

This case originally began as a multi-defendant criminal case; however, the government dismissed its appeal against several defendants in the case, and all that remains is Thaer M. Ayoub's ("Ayoub") cross-appeal.

The following issues are presented for appellate review:

(1) Whether the conspiracy count should have been dismissed as duplicitous.

(2) Whether the evidence presented at trial was sufficient to prove Ayoub guilty of the conspiracy count.

(3) Whether the district court correctly calculated Ayoub's criminal history category, U.S.S.G. § 4A1.1.

(4) Whether the district court correctly denied Ayoub a mitigating-role reduction, U.S.S.G. § 3B1.2.

(5) Whether the district court committed plain reversible error in sentencing Ayoub pursuant to a mandatory guideline scheme and on the basis of facts not admitted nor proven beyond a reasonable doubt.

---

*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

Thaer M. Ayoub appeals his conviction for conspiracy to defraud the United States, 18 U.S.C. § 371, and his sentences for the conspiracy conviction and for aiding and assisting in the preparation of a false document, 26 U.S.C. § 7206(2).[1] Concerning the conspiracy conviction, Ayoub argues that (1) the conspiracy count, which alleged both tax fraud and a coverup thereof, was duplicitous and should have been dismissed; and (2) the evidence presented at trial was insufficient to sustain the finding of guilt. Regarding his sentences, Ayoub contends that (1) the district court incorrectly calculated his criminal history category by (a) adding one point for a driving-under-the-influence conviction for which he was convicted more than ten years before he committed the instant offenses; and (b) adding two points for committing the conspiracy offense while serving probation for a second drunk driving conviction; (2) the court erred in denying him a mitigating-role reduction; and (3) his sentence was imposed in violation of the Sixth Amendment, as set forth in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

The conspiracy offense set forth in the indictment properly alleged multiple means to achieve the objective of defrauding the government. Moreover, the evidence adduced at trial was sufficient to sustain the conspiracy conviction. The

---

[1]Ayoub does not appeal his aiding and assisting conviction.

district court did not clearly err in finding that Ayoub's role was not minor nor that he committed the conspiracy offense while serving probation. The record demonstrates that Ayoub committed both offenses of conviction within ten years of his first drunk driving offense. Thus, the district court correctly applied that criminal history point which resulted in an increase in Ayoub's criminal history category.

Finally, Ayoub fails to demonstrate that any plain *Booker* error affected his substantial rights.

Accordingly, we affirm Ayoub's convictions and sentences.

**AFFIRMED.**